UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| EXXONMOBIL OIL CORPORATION, : | | CIVIL ACTION NUMBER: 09-01265 |
| Plaintiff, | : | |
| v. | : | OPINION |
| WAKILE & SONS, INC. and ADEL ABOUZID, | : | THE HON. WILLIAM J. MARTINI |
| | : | |
| Defendants. | | |

### MEMORANDUM OPINION

Plaintiff ExxonMobil Oil Corporation ("EM") has submitted a Motion for Entry of default judgment against Defendants Wakile & Sons, Inc. ("Wakile") and Adel Abouzid ("Abouzid") pursuant to Federal Rule of Civil Procedure 55. For the reasons articulated below, this Court will **GRANT** the motion for default judgment and enter judgment in favor of Plaintiff. Damages will be determined based on the papers and the Court will order a hearing on damages.

### I.     BACKGROUND

#### A.     Procedural History

On March 20, 2009, Plaintiff filed a complaint with this Court, Civil Action No. 09-01265, alleging in part that Defendants had violated the Petroleum Marketing Practices Act (15 U.S.C. § 2801 et. seq.) ("PMPA"). This Court has jurisdiction to remedy violations of the PMPA under 15 U.S.C. § 2805(a). There is also diversity

1

jurisdiction under 28 U.S.C. § 1332.[1] Plaintiff alleges that Defendants' conduct constituted (1) breach of contract, (2) trespass to chattels and (3) conversion. Plaintiff seeks damages as well as injunctive relief.

On August 10, 2009, Plaintiff filed an Affidavit Request for Entry of Default, (Doc. No. 12-2), and provided the Court with a Text of Proposed Order for a Proposed Entry of Default Judgment, (Doc. No. 12-4). That same day, Plaintiff submitted both a Notice of Motion, (Doc. No. 14-1), and a Motion for Entry of Default Judgment, (Doc. No. 14-2). The Clerk of this Court, the Honorable William T. Walsh, entered a Default against Defendants on August 10, 2009. *See Clerk's Entry of Default*, (Doc. No. 14-Ex. A). On August 14, 2009, the Clerk noted that the Notice of Call for Dismissal was withdrawn.

**B.     Facts**

The following factual allegations are put forward in plaintiff's complaint. (Doc. No. 1.) On November 15, 2007, Plaintiff EM entered into a Franchise Agreement with Defendant Wakile, a corporation, to operate a gasoline station for a term commencing May 1, 2008 and ending April 30, 2011. Defendant Abouzid, an individual, signed the agreement as the designated "Key Individual" on behalf of Wakile. *Complaint* ¶ 10. In July of 2008, Plaintiff alleges that Defendants "began a pattern of having insufficient funds in its account . . . to pay for gasoline product deliveries." *Id.* ¶ 20. Wakile allegedly missed four payments returned as NSF (insufficient funds). *Id.* ¶ 21. Plaintiff purports to

---

[1] Plaintiff is a foreign corporation with an office in Virginia and conducts business in New York. Defendant Wakile has a principal place of business in New Jersey and is incorporated in New Jersey. Defendant Abouzid is a resident of New Jersey.

have received four letters[2] addressed from the Wakile's bank stating that the NSFs were due to "bank error." *Id.* ¶ 21. Plaintiff claims that the Wakile's bank advised EM that none of letters were authentic and that Abouzid subsequently admitted to forging the four letters. *Id.* ¶¶ 22-23.

According to the Plaintiff, the Wakile's franchise was unable to pay for gasoline shipments and thus did not sell any gasoline from August 26, 2008 through September 3, 2008, or any time after September 16, 2008. *Id.* ¶¶ 24-25. Plaintiff EM claims to have sent Defendant Wakile a Notice of Termination because of the alleged failure to operate for seven consecutive days. *Id.* ¶ 26. Both parties executed a Mutual Termination Agreement as to the Franchise Agreement on October 7, 2008. *Id.* ¶ 27. Plaintiff alleges that Defendants have breached this agreement. *Id.*

Plaintiff alleges that while vacating the premises of the gasoline station, Defendant Abouzid "unlawfully removed and converted to [his] own use and possession" equipment and property with an estimated replacement cost of $85,000, including: "two above-ground lifts, one air compressor, one 50 gallon water heater, one thru the wall air conditioner, one mounted bathroom mirror, eleven lighting fixtures, four tube heaters, four glass walk-in cooler doors and an electrical junction box." *Id.* ¶¶ 28-29. Plaintiff also claims that Defendants left debris and trash in violation of the Franchise and Lease Agreements, which cost EM $4,617.32 to clean up. *Id.* ¶¶ 30-31.

---

[2] Dated on or about July 10, 2008; July 23, 2008; July 29, 2008 and August 18, 2008.

On November 21, 2008, Plaintiff EM demanded full restitution in the amount of $86,666.71, exclusive of clean up costs, in order to replace the equipment and property. *Id.* ¶ 32. Abouzid's counsel responded to EM on December 1, 2008 stating that Abouzid would resolve all issues within 45 days, but not prior to that date. *Id.* ¶ 33. On January 22, 2009, Abouzid's counsel contacted EM to say that his client had been overseas but would return the following items and install them if necessary: "A. Lifts (2), B. Heaters (4), C. Mirror (1)." *Id.* ¶ 34. EM's representative responded to Abouzid's counsel on February 4, 2009. In that communication EM's representative indicated that the return of the listed items was feasible, but installation fees associated with the return of the items would be added to the amount owed by Defendants. *Id.* ¶ 35. On February 6, 2009, Abouzid's counsel responded to EM by stating that there was "no theft" and that EM should consult legal counsel. *Id.* ¶ 36. As of the filing of the Complaint on March 20, 2009, Plaintiff alleges that Defendants have not returned the property in question and have not paid the "aforesaid sums due." *Id.* ¶ 37.

## II. DISCUSSION

### A. Default Judgment Standard

Federal Rule of Civil Procedure 55 provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). For claims that are not "sum certain," the Plaintiff "must apply to the court for a default judgment." Fed. R. Civ. P. 55(b). This Court "*may* conduct hearings or

4

make referrals" in situations which require "conduct[ing] an accounting" or to "determine the amount of damages." Fed. R. Civ. P. 55(b)(2) (emphasis added).

To enter a default judgment, this Court must make explicit factual findings as to: "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citation omitted). Before issuing a default judgment, this Court must decide whether "the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *DirecTV, Inc. v. Asher*, Civil Action No. 03-1969, 2006 U.S. Dist. LEXIS 14027, at *3 (D.N.J. Mar. 14, 2006). Under Federal Rule of Civil Procedure 12, generally a defendant must respond or answer "within 20 days after being served with the summons and complaint." Fed. R. Civ. P. 12. Defendants have been served; they have not responded; they are in default.

**B.     Application**

    **1.     Default Judgment is Appropriate**

This Court has concluded that a default judgment is appropriate in the present matter. The record shows that Defendants have been served. *See Service Documents*, (Doc. No. 15). Defendants have failed to respond to Plaintiff's complaint and the deadline for answering the complaint or filing a responsive motion has passed. *See Clerk's Entry of Default*, (Doc No. 12-5). When a defendant has "failed to answer, move, or otherwise respond to the complaint, the entry of a default judgment against him is

appropriate." *Palmer v. Slaughter*, Civil Action No. 99-899, 2000 U.S. Dist. LEXIS 22118, at *5 (D. Del. July 13, 2000).

In applying the *Doug Brady* standard, this Court has made factual findings that merit the entry of a default judgment. *First*, based on the documents provided to this Court there appears to be no basis for the Defendants to claim a meritorious defense. *See Devine v. Mihok*, Civil Action No. 08-5442, 2009 U.S. Dist. LEXIS 50460, at *8 (D.N.J. June 16, 2009) (finding that where "the facts alleged in the complaint provide no indication of a meritorious defense" an absent party was subject to a default judgment). Defendants have failed to respond to the complaint and Plaintiff has conducted his due diligence in determining that Abouzid is not a member of the armed services. *See Military Affidavit* (Doc. No. 14-4). *Second*, it is clear that Plaintiff has been prejudiced by Defendants' failure to respond to the Complaint. The prejudice suffered by Plaintiff involves: (1) Plaintiff's inability to otherwise move forward in the litigation; (2) Plaintiff has suffered additional costs, including the costs of this motion; and (3) Defendants' failure to respond has caused delay in regard to Plaintiff's receiving relief. *See Malik v. Hannah*, Civil Action No. 05-3901, 2009 U.S. Dist. LEXIS 88714, at *13 (D.N.J. Sept. 24, 2009) (where defendant prolonged and delayed the plaintiff of an ultimate outcome, such actions were prejudicial). *Third*, there is a presumption of culpability where defendants have failed to respond. *See Palmer, supra*.

Plaintiff has claimed that Defendants are liable for (1) breach of contract, (2) trespass to chattels and (3) conversion. Plaintiff has documented the existence of both a Franchise Agreement as well as a Mutual Termination Agreement between the parties.

6

Plaintiff has cited to specific clauses within these agreements that have allegedly been breached by Defendants. *See Complaint* ¶¶ 11-19. A trespass to chattel may be committed by "intentionally (a) dispossessing another of the chattel, or (b) using or intermeddling with a chattel in the possession of another." *Gomar Mgf. Co. v. Novelli*, Civil Action No. 96-4000, 1998 U.S. Dist. LEXIS 23453 (D.N.J. Mar. 24, 1998) (quoting *Restatement 2d, Torts* § 217) (applying New Jersey law). The Plaintiff has clearly stated that the items Abouzid is alleged to have removed from the gas station were the rightful property of EM. Plaintiff has also presented a letter from Abouzid's attorney that appears to acknowledge that Abouzid had possession of two lifts, four heaters and a mirror that he was willing to return to EM. *See Complaint* ¶ 34. Finally, "[c]onversion is essentially the wrongful exercise of dominion and control over the property of another in a manner inconsistent with the other person's rights in that property." *McAdam v. Dean Witter Reynolds, Inc.*, 896 F.2d 750, 771 (3d Cir. 1990) (citations omitted) (applying New Jersey law). By removing the items from the gas station, Abouzid was, to the extent the uncontested allegations are true, wrongfully exercising dominion and control over Plaintiff's property. Thus, Plaintiff's uncontested facts in the Complaint set forth sufficient basis to sustain what appears to be valid causes of action against the Defendants. Therefore, an entry of Default Judgment is appropriate.

### 2.     Damages

Plaintiff has alleged that the damages are in excess of $100,000 and requested that this Court conduct a hearing on damages. Prior to commencing the present action, Plaintiff had privately demanded $86,666.71 in restitution from the Defendants. *See* 28

U.S.C. § 1332(a) (stating that $75,000 is the jurisdictional amount). This amount is presumed to have increased due to the costs of litigation, loss of business and interest. Federal Rule of Civil Procedure 55(b)(2) permits this Court to "conduct hearings" in order to "conduct an accounting" or to "determine the amount of damages" where the specific amount in question is not "sum certain." Fed. R. Civ. P. 55(b)(2). Therefore, this Court shall schedule a hearing at a future date to determine the appropriate amount of damages. This Court shall also order the Plaintiff to make a filing stating the amount of monetary damages. The filing shall put forward the specific factual bases for the dollar amount sought and it shall cite specific evidence in the record in support of its claim. Thereafter the Court will enter a judgment for the amount to be determined upon calculation of damages (if any).

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion for default judgment is **GRANTED** and enters judgment in favor of Plaintiff. Plaintiff's filing in support of damages is due on the 1st day of Dec, 2009. A hearing on damages is scheduled for the 16th day of Dec, 2009 at 11 AM. An appropriate Order accompanies this Opinion.

WILLIAM J. MARTINI, U.S.D.J.

Date: November 13, 2009